IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VIRAL DRM, LLC, | § <br> § <br> § |
| *Plaintiff,* | § Case No: 3:23-cv-00250-D <br> § |
| v. | § **AMENDED COMPLAINT** <br> § |
| FRANK KENT COUNTRY, LLC, | § DEMAND FOR JURY TRIAL <br> § |
| *Defendant.* | § <br> § <br> § |

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Amended Complaint against defendant Frank Kent Country, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos, acquires the rights to videos or owns the rights to videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Facebook named as "@Frank Kent Country" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff Viral DRM, LLC is an Alabama limited liability company with a principal place of business in Childersburg, Alabama.

6. Upon information and belief, Defendant Frank Kent Country, LLC, is a Texas limited liability company with a principal place of business at 2000 State Hwy 21 W, Corsicana, Texas 75109.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Frank Kent Country, LLC because it maintains its principal place of business in Texas and was organized under the laws of the State of Texas.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Frank Kent Country, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**Plaintiff's Copyright Ownership**

10. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to online and print publications.

11. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

12. On or about March 21, 2022, third-party videographer Ronald Emfinger authored a video of a tornado hitting a red Chevrolet Silverado pickup truck (the "*Video*"). A copy of a still image from the Video is attached hereto as Exhibit 1.

13. In creating the Video, the author personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the images.

14. On or about March 21, 2022, by written agreement, Mr. Emfinger assigned the copyright to the Video to third parties Michael Brandon Clement and Brett Adair.

15. On April 22, 2022, the Video was registered by the U.S. Copyright Office under Registration No. PA 2-354-516, listing Mr. Clement and Mr. Adair as copyright claimants via written assignment.

16. On or about May 17, 2022, Mr. Clement and Mr. Adair entered into a written agreement under which they assigned the copyright to the Video to Plaintiff, and also assigned to Plaintiff any causes of action for infringements of the Video.

17. Plaintiff has commercially licensed the Video for use by multiple third party businesses and commercial outlets in exchange for licensing fees.

18. Plaintiff acquired rights in the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**Defendant's Infringing Activity**

19. Defendant is the registered owner of the Account and is responsible for its content.

20. Defendant is the operator of the Account and is responsible for its content.

21. The Account is a popular and lucrative commercial enterprise.

22. The Account is monetized in that it promotes traffic to Defendant's physical car dealership business and, upon information and belief, Defendant profits from these activities.

23. On or about March 23, 2022, Defendant displayed the Video on the Account. A copy of the screengrab of the Account including a still image from the Video is attached hereto as Exhibit 2.

24. The Video was displayed by Defendant at URL: https://www.facebook.com/watch/?v=690230492161085.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Video as is set forth in Exhibit "1" on the Account.

26. Defendant captioned the Video "Like a Rock! Watch the red Silverado drive out of this Tornado earlier this week in Elgin, Texas." *See* Exhibit 2.

27. Defendant's business sells Chevrolet vehicles.

28. "Like a Rock!" is a tag line for Chevrolet commercials.

29. Defendant posted the Video in order to champion the merits of the products it sells to consumers.

30. To the extent that Defendant's post qualifies as "news reporting," it is merely descriptive news reporting and therefore not transformative.

31. Defendant's post of the Video, merely accompanied by a descriptive headline intended to advertise Chevy trucks, does not qualify as a parody because it does not express ridicule directed at the Video, or in any way attempt to mock the content depicted in the Video.

32. Defendant posted the Video to commercially promote the Chevy brand.

33. Defendant's display of the Video on the Account was not accompanied by any commentary or criticism directed at the Video. The comment and by-line section of the Defendant's infringing Facebook post merely includes the same headline: "Like a Rock! Watch the red Silverado drive out of this Tornado earlier this week in Elgin, Texas" with no commentary or criticism whatsoever.

34. In posting the Video, Defendant did not examine the public's reaction to the Video.

35. Defendant displayed the Video on the Account for no other reason than to raise awareness for its brand and promote its business of selling Chevrolet cars.

36. Upon information and belief, the Video was posted as an advertisement for Defendant's dealership to drive traffic and consumer interest to Defendant's business.

37. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

38. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

39. The Infringement is a copy of the majority of Plaintiff's original video that was directly copied and stored by Defendant on the Account.

40. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying videos including but not limited to Plaintiff's Video.

41. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

42. Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

43. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

44. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

45. Upon information and belief, Defendant monitors the content on its Account.

46. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

47. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its automobile business revenues.

48. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

49. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50. Defendant's use of the Video harmed the actual market for Plaintiff's Video.

51. Defendant's usage of the Video, if widespread, would cause additional harm Plaintiff's potential market for the Video.

52. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

53. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

54. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

55. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

56. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

58. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Account.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the

alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

60. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

61. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

62. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

  e. for pre judgment interest as permitted by law; and

  f. for any other relief the Court deems just and proper.

DATED: March 24, 2023      **SANDERS LAW GROUP**

            By:  */s/ Craig B. Sanders*
            Craig B. Sanders, Esq.
            333 Earle Ovington Blvd, Suite 402
            Uniondale, NY 11553
            Tel: (516) 203-7600
            Email: csanders@sanderslaw.group
            File No.: 126119

            *Attorneys for Plaintiff*