IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRAL DRM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-0250-D |
| | § | |
| FRANK KENT COUNTRY, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this copyright infringement action brought by plaintiff Viral DRM, LLC ("Viral"), defendant Frank Kent Country, LLC ("Frank Kent") moves under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. Frank Kent contends that Viral lacks standing and that Viral's copyright infringement action is precluded by the doctrine of fair use (an affirmative defense).[1] For the reasons that follow, the court denies the motion.

I

Viral is engaged in the business of licensing videos to online and print media.[2] In

---

[1] Frank Kent also requests that the court take judicial notice of certain documents attached to the motion to dismiss. The court grants the request but notes that, even if these documents are considered, the motion to dismiss should be denied. *See, e.g., S.E.C. v. Brady*, 2006 WL 1310320, at *2 n.3 (N.D. Tex. May 12, 2006) (Fitzwater, J.).

[2] In deciding Frank Kent's Rule 12(b)(6) motion, the court construes Viral's amended complaint in the light most favorable to Viral, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Viral's favor. *See, e.g., Lovick v.*

March 2022 videographer Ronald Emfinger ("Emfinger") created an original video depicting a red Chevrolet Silverado pickup truck driving through a high-intensity tornado (the "Video"). Frank Kent, an automobile dealership, was among the many social media users who shared the Video on its Facebook page. Frank Kent's post included the video accompanied by audio from a Chevrolet advertisement. The caption on the post read: "Like a Rock! Watch the red Silverado drive out of this Tornado earlier this week in Elgin, Texas." Am. Compl. ¶ 26.

Shortly after the video was first published online, Emfinger assigned the copyright to the Video to Michael Brandon Clement ("Clement") and Brett Adair ("Adair"). Clement and Adair registered the copyright with the U.S. Copyright Office ("USCO") in April 2022, and the registration listed Clement and Adair as the copyright owners. In May 2022 Clement and Adair assigned the copyright and any causes of action for infringement of it to Viral, which intended to license the Video for commercial purposes.

Viral now sues Frank Kent for infringing its copyright to the Video. Frank Kent moves under Rule 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. It contends that Viral does not have standing to bring this suit and, as an affirmative defense, that the doctrine of fair use precludes Viral's copyright infringement action. Viral opposes the motion, which the court is deciding on the briefs.

---

*Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accepting 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Frank Kent's motion to dismiss, Viral must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Read-A-Thon Fundraising Co., Inc. v. 99Pledges, LLC*, 2022 WL 2704043, at *2 (N.D. Tex. July 12, 2022) (Fitzwater, J.) (internal quotation marks and alterations omitted) (quoting *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.)). In other words, Frank Kent is not entitled to dismissal unless Viral "has pleaded itself out of court by admitting to all of the elements of the defense." *Id*. (alteration omitted) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)). "In the copyright realm, fair use is an affirmative defense that can support Rule 12(b)(6) dismissal." *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022). The fair use defense can be resolved "on the pleadings if the complaint 'contains facts sufficient to

- 3 -

evaluate each of the statutory factors.'" *Id.* (quoting *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)).

III

Frank Kent first contends that Viral does not have standing to bring this infringement suit because it is not the owner of the copyright to the Video.[3] Viral responds that recordation of a copyright with the USCO is optional and who is listed as the owner on the USCO registration is not dispositive on the issue of standing. Viral also relies on allegations of the amended complaint that Clement and Adair assigned to Viral the copyright and the right to pursue any infringement actions based on improper use of the Video.

"Only two types of claimants have standing to sue for copyright infringement under the Copyright Act: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights." *Isbell v. DM Recs., Inc.*, 2004 WL 1243153, at *4 (N.D. Tex. June 4, 2004) (Fish, C.J.). But a contract assigning a copyright can also assign both future and accrued causes of action so long as the contract "contains language explicitly transferring causes of action for prior infringements." *Hacienda Recs., L.P. v. Ramos*, 718 Fed. Appx. 223, 233 (5th Cir. 2018) (quoting *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969)).

Viral alleges in the amended complaint that Clement and Adair assigned "the

---

[3]Although this argument is not made in the "Argument and Authorities" section of the motion to dismiss, Frank Kent alludes to it elsewhere in the motion, and Viral has responded to it as if raised properly.

copyright to the Video to [Viral], and also assigned to [Viral] any causes of action for infringements of the Video." Am. Compl. (ECF No. 12) ¶ 16. Construed in the light most favorable to Viral, this allegation is sufficient to enable the court to draw the reasonable inference that Clement and Adair assigned the right to seek judicial relief for accrued causes of action for copyright infringement, including the one alleged in this action. Accordingly, the court denies Frank Kent's motion to dismiss to the extent it is based on lack of standing.

IV

Frank Kent also moves to dismiss based on the doctrine of fair use.

A

Frank Kent maintains that the statutory factors for evaluating whether fair use applies weigh in favor of dismissal. Viral responds that the multi-factor analysis weighs against dismissal.

"Congress codified the fair use doctrine in the Copyright Act of 1976." *Bell*, 27 F.4th at 321. Under the statute, courts must consider four factors when determining whether fair use precludes a copyright infringement claim:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

These four factors are "not exclusive," and all four "are to be explored, and the results weighed together, in light of the purposes of copyright." *Bell*, 27 F.4th at 321 (first citing *Harper & Row*, 471 U.S. at 560; and then citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994)). Courts most commonly emphasize the first and fourth factors, however. *Id.* (citing *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1171 (9th Cir. 2012)). "A fair-use defense can succeed even if one or more factors favor the claimant." *Id.* (citing *Campbell*, 510 U.S. at 578). And "ultimately, courts have 'almost complete discretion in determining whether any given factor is present in any particular case' and whether the totality favors fair use." *Id.*

B

1

The first factor—the purpose and character of the use—"involves a few considerations." *Id*. The first consideration, which is directly contemplated by the statute, is the commercial nature of the use, that is, "whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row*, 471 U.S. at 562. Other considerations include "whether the user acted in good faith" and "whether the use is 'transformative,' meaning it 'adds something new' to the copyrighted work." *Bell*, 27 F.4th at 322.

Despite Frank Kent's attempts to characterize its use of the Video as purely parody and news reporting, it is clear from the allegations in the amended complaint that Frank Kent "stands to profit from exploitation" of the Video without "paying the customary price" for

- 6 -

using it for such commercial purposes. *See Harper & Row*, 471 U.S. at 562. Moreover, that Frank Kent's use of the Video may have mixed purposes does not undermine the commercial nature of the Facebook post. The Video included audio from a Chevrolet advertisement, and the caption quoted a Chevrolet tag line. The allegations of the amended complaint enable the court to draw the reasonable inference that this use by a car dealership that sells Chevrolet vehicles is clearly commercial. This factor weighs against dismissal on the basis of fair use.

### 2

The second factor that the court must consider is the nature of the copyrighted work. "In general, fair use is more likely to be found in factual works than in fictional works." *Stewart v. Abend*, 495 U.S. 207, 237 (1990). Courts also consider whether the work has been published, "as the scope of fair use is 'narrower with respect to unpublished works.'" *Bell*, 27 F.4th at 323 (quoting *Harper & Row*, 471 U.S. at 563-64). But "[t]he nature of the work is widely considered the least significant fair-use factor." *Id*.

Here, the Video is a factual portrayal of a real event. It has also been published and widely disseminated on the Internet. This factor weighs in favor of a finding of fair use.

### 3

Under the third factor, courts "consider whether the amount copied is either a quantitatively or qualitatively significant part of the original." *Id*. at 324. "Even a relatively small amount of copying can weigh against fair use if it captures 'the heart' of the work." *Id*.

Viral alleges that Frank Kent used the entirety of the Video or, at the very least, the "heart" of the Video. Frank Kent acknowledges that it used "much of the Video[.]" D. Mot. to Dismiss (ECF No. 21) at 11. The amount copied by Frank Kent is therefore a qualitatively and quantitatively significant portion of the original Video, and this factor weighs strongly against a finding of fair use.

4

"The fourth factor examines 'the effect of the use' on the market for and value of the copyrighted work." *Bell*, 27 F.4th at 324 (quoting 17 U.S.C. § 107(4)). Under this factor, courts "consider actual harm but, more broadly, whether widespread use of the work in the same infringing fashion 'would result in a substantially adverse impact on the potential market' for the original work and any derivatives." *Id.* This fourth factor "is undoubtedly the single most important element of fair use." *Harper & Row*, 471 U.S. at 566.

Many of allegations regarding this factor found in Viral's amended complaint are conclusory, *see, e.g.*, Am. Compl. (ECF No. 12) ¶ 50, and therefore must be disregarded, *Iqbal*, 556 U.S. at 678. But Viral does allege that it is an entity created for the purpose of licensing videos to third parties for commercial use. From the facts alleged in the amended complaint, the court can draw the reasonable inference that widespread use of the Video akin to Frank Kent's would undermine Viral's licensing scheme. The ease with which others could similarly reproduce the Video and include a caption alluding to the quality of Chevrolet vehicles supports the conclusion that Frank Kent's use harms the market for the Video. And Viral's allegations suggest that its business model relies on the payment of

licensing fees by entities like Frank Kent to use videos that Viral owns. At the motion to dismiss stage, these allegations are sufficient to enable the court to draw the reasonable inference that Frank Kent's use harmed the market for the Video. Moreover, the mere fact that the Video has been disseminated widely on social media does not undermine this conclusion: many wrongs—that is, many infringing uses of the Video—do not make Frank Kent's allegedly infringing use permissible.

Any doubts about which way this factor cuts must be resolved via additional discovery regarding facts such as Viral's fee structure and the reach of Frank Kent's post.[4] "When discovery is needed to flesh out how these factors tilt, a ruling at the pleading stage is premature." *Bell*, 27 F.4th at 320. Thus the fourth factor weighs against dismissal.

### C

Three of the four factors—including the critical first and fourth factors—weigh against dismissing this suit at the Rule 12(b)(6) stage. Accordingly, Frank Kent's motion to dismiss on the basis of the affirmative defense of fair use is denied.

---

[4]The court does not suggest that these would be the only permissible subjects of discovery.

\* \* \*

For the reasons explained, Frank Kent's Rule 12(b)(6) motion to dismiss for failure to state a claim is denied.

**SO ORDERED**.

August 16, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE